In re SOUTHWEST FLORIDA HEART GROUP, P.A., Debtor.

Louis X. Amato, as the Chapter 11 Trustee for Southwest Florida Heart Group, P.A., Plaintiff,

v.

Southwest Florida Heart Group, P.A., Defendants.

Louis X. Amato, as the Chapter 11 Trustee for Southwest Florida Heart Group, P.A., Plaintiff,

v.

Richard A. Chazal; Erick M. Burton; and Michael D. Danzig, Defendants.

Louis X. Amato, as the Chapter 11 Trustee for Southwest Florida Heart Group, P.A., Plaintiff,

v.

Richard A. Chazal; Erick M. Burton; and Michael D. Danzig, Defendants.

Bankruptcy No. 9:05–bk–17167–ALP. Adversary Nos. 9:06–ap–00910, 9:06–ap–00031, 9:06–ap–00081.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

July 6, 2006.

Jeffrey W. Leasure, Fort Myers, FL, for Debtor.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 40—Adv. No. 05–910) AND CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. No. 68—Adv. No. 05–910)

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is a yet-to-be-confirmed Chapter 11 case and the matter under consideration is a Motion for Partial Summary Judgment filed by Louis X. Amato (Doc. No. 40). The Motion is directed to the following counts in the multiple-count complaint: Count XII, Breach of Fiduciary Duty; Count XIII, Deepening Insolvency; two claims asserted against Doctors Danzig, Burton, and Chazal. Counts XIV, XV, and XVI, each for the Avoidance of Fraudulent Transfer, are asserted against The Heart Group.

In due course, Doctors Burton, Chazal and Danzig filed their Opposition and

Cross–Motion for Summary Judgment directed to the claims asserted against them in Counts XII and XIII (Doc. No. 68). Plaintiff, in his Motion, contends that there are no genuine issues of material fact and, based on the same, he's entitled to a summary disposition by entry of a judgment in his favor establishing that the defendant doctors are liable pursuant to the allegations set forth in the counts involved.

In due course, counsel for The Heart Group filed an Opposition to the Plaintiff's Motion for Partial Summary Judgment (Doc. No. 74).

The Court, having heard the extensive argument in support of and in opposition to the Trustee's Motion for Partial Summary Judgment and having considered the relevant part of the record, is satisfied that, although at first blush it might appear that the claims asserted could be determined by a summary judgment, a closer analysis compels the conclusion that the disputes are fact intensive, requiring the balancing of the credibility of witnesses and, therefore, it is inappropriate to dispose of the claims under consideration by way of summary judgment.

Concerning the claims asserted against The Heart Group, this Court is satisfied that it would not be appropriate to dispose of the same by way of summary judgment because there remain genuine issues of material fact to be established by competent evidence at the trial.

This leaves for consideration the Cross–Motion filed by the Defendants Doctors Burton, Chazal and Danzig, who also contend that there are no genuine issues of material fact and they are thus entitled to summary judgment in their favor based on the record. Concerning first the claim asserted in Count XII, which is a claim based on Breach of Fiduciary Duty, this Court is satisfied that neither the requirement for a summary judgment, that is, the absence of any genuine issues of material

fact, nor the entitlement to a judgment as a matter of law, are satisfied and, therefore, it would be inappropriate to grant the relief sought by the Defendants.

However, with regard to the Trustee's claim based on Deepening Insolvency set forth in Count XIII of the Complaint, even assuming some issues of fact exist, such issues will be relevant to the measure of damages only, and cannot constitute a viable claim in its own right. This Court is satisfied that, although there might be disputed facts, there is no cognizable, viable claim based on a theory of deepening insolvency. Consequently, this Count fails to state a claim and, therefore, no relief can be granted.

Accordingly, it is

ORDERED ADJUDGED AND DECREED the Motion for Partial Summary Judgment of the Plaintiff concerning the claims in Count XII, XIII, XIV, XV, and XVI be and the same are hereby denied. It is further

ORDERED ADJUDGED AND DECREED the Cross–Motion for Summary Judgment filed by Doctors Chazal, Burton, and Danzig, directed to the claim in Count XIII for Deepening Insolvency is granted and the claim in that count shall be dismissed with prejudice. It is further

ORDERED ADJUDGED AND DECREED the Cross–Motion for Summary Judgment filed by Doctors Chazal, Burton, and Danzig, directed to the claim in Count XII for Breach of Fiduciary Duty be, and the same is hereby denied.

A final judgment shall be entered in accordance with the foregoing in favor of the Defendants, Doctors Burton, Chazal and Danzig against the Trustee, the Plaintiff.